FILED

2007 DEC -6  P 3:04

DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL IRWIN, MARY PROFETTO IRWIN AND MARY IRWIN AS NEXT BEST FRIEND OF SAMANTHA IRWIN | * * * * * | CIVIL ACTION NO.: |
| VS. | * * * | |
| CULTURAL CARE AU PAIR, A DIVISION OF EF TRAVEL, INC | * * * * * * | JURY TRIAL REQUESTED |

**COMPLAINT**

**PARTIES AND JURISDICTION**

1.     The Plaintiff, Michael Irwin, is an adult individual, domiciled at 273 Northwood Drive in the town of Guilford, County of New Haven and State of Connecticut.

1

2. The Plaintiff, Mary Profetto Irwin, is an adult individual, domiciled at 273 Northwood Drive, in the Town of Guilford, County of New Haven and State of Connecticut.

3. The Plaintiff, Samantha Irwin, is a minor child, domiciled at 273 Northwood Drive, in the Town of Guilford, County of New Haven and State of Connecticut.

4. The Defendant, CULTURAL CARE AU PAIR, is a division of EF TRAVEL, INC., (herein after referred to as CULTURAL CARE AU PAIR) a foreign corporation organized and existing under the laws of the State of Massachusetts with its principal place of business located at One Education Street, Cambridge, Massachusetts.

5. This Honorable Court is vested with jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

6. Venue in this district is appropriate pursuant to 28 U.S.C. § 1391 because the Defendant solicited the Plaintiffs within the State of Connecticut and the sexual assault on the part of the Defendant's agent took place within the State of Connecticut.

## CAUSES OF ACTION

**COUNT 1- BREACH OF CONTRACT**

7. On or about December 28, 2006, the Plaintiffs, MICHAEL IRWIN, MARY PROFETTO IRWIN retained the services of the Defendant CULTURAL CARE AU PAIR to obtain an au pair to care for their minor child, SAMANTHA IRWIN.

8. The Defendant, CULTURAL CARE AU PAIR represented to the Plaintiffs MICHAEL IRWIN, MARY PROFETTO IRWIN that they would provide an au pair that was responsible and well trained.

9. On or about July 11, 2007, the Defendant, CULTURAL CARE AU PAIR placed one of their au pairs, Hanna Hjelm, a citizen of Sweden, with the Plaintiffs.

10. The Defendant, CULTURAL CARE AU PAIR breached their contractual relationship with the Plaintiffs, MICHAEL IRWIN, MARY PROFETTO IRWIN in that the au pair provided by them was not trained, was not responsible and sexually assaulted the minor child SAMANTHA.

11. The Defendant, CULTURAL CARE AU PAIR, knew or should have known that consumers such as the Plaintiffs would foreseeably and needlessly suffer injury as a result of their breach of contract.

12. The Plaintiffs, MICHAEL IRWIN, MARY PROFETTO IRWIN and HANNAH IRWIN suffer injury as a direct result of the Defendants breach of contract in one or more of the following ways:

a. The Plaintiff, SAMANTHA IRWIN, was traumatized and suffered irreversible emotional injury and distress.

b. The Plaintiff, MICHAEL IRWIN, was traumatized and suffered irreversible emotional injury and distress as well as financial costs associated with replacing the au pair, providing medical care for their minor child as well as the costs of this litigation.

c. The Plaintiff, MARY PROFETTO IRWIN, was traumatized and suffered irreversible emotional injury and distress as well as financial costs associated with replacing the au pair, providing medical care for their minor child as well as the costs of this litigation.

13. The Defendant, CULTURAL CARE AU PAIR is legally responsible for all injuries reasonably foreseeable from their breach of contract.

**COUNT TWO- NEGLIGENCE**

14. – 27. Paragraphs 1 through 13 of Count One are hereby made paragraphs of Count Two as though fully set forth.

28. The Defendant, CULTURAL CARE AU PAIR was negligent in one or more of the following ways:

 a. it failed to train the au pair, Hanna Hjelm;

 b. it failed to adequately supervise the au pair, Hanna Hjelm;

 c. it failed to establish adequate protocols and procedures in order to obtain well trained and responsible au pairs.

 d. its agents, servants, and/or employees were negligent in the ownership, operation, management, maintenance and control of the corporation in negligently and/or carelessly failing to properly investigate, screen those persons hired to manage, supervise and/or teach said au pairs and/or to run said au pair program, in failing to hire efficient and/or sufficient personnel in connection with the operation, management, control of said program.

 e. In failing to properly monitor the au pairs after placement with clients.

 f. In failing to supervise and watch au pairs after placement with clients.

**COUNT THREE- FRAUD**

29. – 42.   Paragraphs 1 through 13 of Count One are hereby made paragraphs of Count Three as though fully set forth.

43.   The Defendant, through its agents and/or sevents represented to the Plaintiffs they would place safe, trained au pairs.

44.   A false representation of fact was made by the Defendant;

45.   The Defendant making the representation knew it to be false;

46.   The representation was made to induce action by the Plaintiffs;

47.   The Plaintiffs acted to their detriment based on the Defendant's false representations.

**COUNT FOUR- CONNECTICUT UNFAIR TRADE PRECTICES ACT (Conn. Gen. Stat. §42- 110a, et seq.)**

44. – 45.   Paragraphs 1 through 13 of Count One are hereby made paragraphs of Count four as though fully set forth.

46.   The Defendant, CULTURAL CARE AU PAIR, marketed and misinformed potential clients about their au pairs and failed to protect clients from serious dangers which the Defendant knew or should have known would result from there acts.

47.   The Defendant, CULTURAL CARE AU PAIR, engaged in the conduct and practices identified above, committed one or more of the Connecticut Unfair Practices Act, (Conn. Gen. Stat. §42- 110a, et seq.), as set forth below:

    a.    The Defendant made false and misleading representations and omissions of material facts regarding the competency and training of their au pairs;

    b.    The Defendant failed to adequately test their au pairs to guard against the risk of serious harm;

    c.    The Defendant concealed and otherwise failed to publicize the injuries caused by their incompetent au pairs;

    d.    The Defendant engaged in advertising and promotion of their services without conducting adequate research into the competency of their au pairs;

48.    The aforesaid conduct, practices, acts and omissions, were immoral, oppressive, unethical or unscrupulous, in violation of public policy.

### REQUEST FOR RELIEF

WHEREFORE, The Plaintiffs, request that the Court grant the following relief against the Defendant CULTURAL CARE AU PAIR, on all counts of the complaint:

    a.    To be awarded judgment in a reasonable amount above 5 million dollars;

    b.    To be awarded full fair and complete compensation under The Connecticut Unfair Practices Act (**Conn. Gen. Stat. §42-110a, et seq.**);

    c.    To be awarded punitive damages under The Connecticut Unfair Practices Act (**Conn. Gen. Stat. §42-110a, et seq.**);

    d.    To be awarded attorneys fees under The Connecticut Unfair Practices Act **(Conn. Gen. Stat. §42- 110a, et seq.);**

    e.    To be awarded expenses as provided by law;

    f.    The Court enter such other relief as is deemed just and appropriate.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable in this civil action

The Plaintiffs,

By: _____
Thomas C. Thornberry
Thornberry & Rosenberg, LLC
3333 Main Street
Stratford, CT 06614
(203) 380-8189
Federal Juris # ct 05911

7